UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EUNICE RAQUEL FLORES THOMAS, on behalf of herself, individually, and on behalf of all others similarly-situated,<br><br>      Plaintiff,<br><br>  -against-<br><br>AAM HOLDING CORP. d/b/a FLASHDANCERS GENTLEMEN'S CLUB, and 59 MURREY STREET ENTERPRISES, INC. d/b/a FLASHDANCERS GENTLEMEN'S CLUB, and BARRY LIPSITZ, individually, and BARRY LIPSITZ, JR., individually,<br><br>      Defendants. | **COMPLAINT**<br><br>**Docket No.:** 22-cv-3110<br><br>Jury Trial Demanded |

EUNICE RAQUEL FLORES THOMAS ("Plaintiff"), on behalf of herself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs," as those terms are defined below), by and through her attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for her Complaint against AAM HOLDING CORP. d/b/a FLASHDANCERS GENTLEMEN'S CLUB ("AAM"), and 59 MURREY STREET ENTERPRISES, INC. d/b/a FLASHDANCERS GENTLEMEN'S CLUB ("Murrey"), and BARRY LIPSITZ ("Lipsitz"), individually, and BARRY LIPSITZ, JR. ("Junior"), individually, (together, where appropriate, as "Defendants"), alleges upon knowledge as to herself and her own actions and upon information and belief as to all other matters as follows:

**NATURE OF THE CASE**

1. This is a civil action for damages and other redress based upon willful violations that Defendants committed of Plaintiff's rights guaranteed to her by: (i) the minimum wage

provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206(a); (ii) the minimum wage provisions of the New York Labor Law ("NYLL"), NYLL § 652(1), N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 146-1.2; (iii) the NYLL's requirement that employers furnish employees with a wage notice at hire containing specific categories of accurate information, NYLL § 195(1); (iv) the NYLL's requirement that employers furnish employees with a wage statement on each payday containing specific categories of accurate information, NYLL § 195(3); (v) the NYLL's prohibition against making unlawful deductions from an employee's wages by separate transaction, NYLL § 193(2); (vi) the NYLL's requirement that employers not retain any part of a gratuity or of any charge purported to be a gratuity for employees, NYLL § 196-d; as well as for (vii) common law conversion; and (viii) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendants - - two New York corporations that operate as a single enterprise to run two Manhattan-based strip clubs and the enterprise's two owners and day-to-day overseers - - as a dancer from in or around September 2019 through in or around the end of July 2021. As described below, throughout Plaintiff's employment, Defendants willfully failed to pay Plaintiff the minimum wages lawfully due to her under the FLSA and the NYLL. Specifically, throughout the entirety of Plaintiff's employment, Defendants failed to pay Plaintiff at any rate of pay for any hours that she worked in a week, and thus failed to pay her at the minimum wage rate of pay that the FLSA and the NYLL require for all hours worked.

3. Defendants further violated the NYLL by failing to provide Plaintiff with any wage notice upon her hire, let alone an accurate one or one that stated Defendants' intention to claim a tip credit against Plaintiff's wages, or with any wage statement on each payday, let alone an accurate statement.

4. Defendants further violated the NYLL by requiring Plaintiff to pay Defendants a "house fee" for every shift that she worked, as well as for any shift that Plaintiff was unable to work due to health or personal matters, which violated the NYLL's prohibitions on employers making unlawful deductions from their employees' wages by separate transaction.

5. In still further violation of the NYLL, Defendants took a percentage from Plaintiff's earned tips that Defendants' customers left for Plaintiff on credit cards and/or by using "funny money" - - the strip clubs' fake money issued to customers who only had a credit card but wanted to give a dancer physical tips - - and retained those funds for their own use, which also constitutes the common law tort of conversion.

6. Defendants paid and treated all of their dancers in this same manner.

7. Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of herself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' violations of the FLSA. Plaintiff brings her claims under the NYLL, the NYCRR, and New York common law on behalf of herself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-in to this action.

8. Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of herself, individually, and on behalf of all other persons similarly-situated during the applicable limitations period who suffered damages as a result of Defendants' violations of the NYLL, the supporting New York State Department of Labor regulations, and/or New York common law.

**JURISDICTION AND VENUE**

9. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

10. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

**PARTIES**

11. At all relevant times herein, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

12. At all relevant times herein, Defendant AAM was and is a New York corporation with its principal place of business located at 320 West 45th Street, New York, New York 10036, which is registered with the New York State Department of State to receive service of process at that same address.

13. At all relevant times herein, Defendant Murrey was and is a New York corporation with its principal place of business located at 59 Murrey Street, New York, New York 10007, which is registered with the New York State Department of State to receive service of process at that same address.

14. Although legally distinct entities, Defendants AAM and Murrey, in practice, operate as a single enterprise in that both entities are commonly owned and managed, are commonly controlled financially, and co-mingle employees.

15. To that end, Defendants Lipsitz and Junior were and are the owners of Defendants AAM and Murrey, who in those roles personally oversee the day-to-day operations of the strip

clubs and are ultimately responsible for: all matters with respect to determining all employees' rates and methods of pay and hours worked, both in total and at which particular location; hiring, firing, and approving all personnel decisions with respect to all employees; and maintaining employment records, including all of those matters with respect to Plaintiff.

16. At all relevant times, all Defendants were and are "employers" within the meaning of the FLSA and the NYLL. Additionally, at all times relevant to the FLSA, Defendants AAM's and Murrey's qualifying annual business exceeded and exceeds $500,000.00, and at all times, AAM and Murrey were and are engaged in interstate commerce within the meaning of the FLSA, as they employed and employ two or more employees, operate a business that purchases and sells numerous products that have moved across state lines, such as food, soft drinks, and alcoholic beverages, and has accepted credit cards as a form of payment based on cardholder agreements with out-of-state companies, as well as cash that has naturally moved across state lines, the combination of which subjects Defendants AAM and Murrey to the FLSA's minimum wage requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

17. Plaintiff seeks to bring this suit to recover from Defendants unpaid minimum wages, and liquidated damages, pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on her own behalf, as well as on behalf of those in the following collective:

> Current and former employees of Defendants, who during the applicable FLSA limitations period, performed any work for Defendants as a dancer, and who give consent to file a claim to recover damages for unpaid minimum wages and liquidated damages that are legally due to them ("FLSA Plaintiffs").

18. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section

below; (2) were subject to the same laws and regulations; (3) were paid, or not paid, in the same or similar manner; and (4) were not paid the required minimum wage rate for all hours worked in a workweek.

19. At all times relevant to the FLSA, Defendants are and have been aware of the requirement to pay their non-exempt employees, including Plaintiff and FLSA Plaintiffs, at least at the minimum wage rate of pay for all hours worked each week, yet they purposefully and willfully chose and continue to choose not to do so. Specifically, in 2011, 2013, 2014, and 2016, Defendants were sued in this District for violations of the minimum wage provisions of the FLSA and the NYLL, and yet, after learning in those lawsuits what those laws require, they continued to violate those same provisions even after those lawsuits concluded.

20. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of refusing to pay their employees at the legally-required minimum wage rate for all hours worked, in violation of the FLSA.

## RULE 23 CLASS ALLEGATIONS

21. In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), on behalf of herself, individually, as well as on behalf of all those who are similarly-situated, whom Defendants have subjected to violations of the NYLL, the NYCRR and/or New York common law during the applicable statutory time period.

22. Under FRCP 23(b)(3), a plaintiff must plead that:

    a. The class is so numerous that joinder is impracticable;

    b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

    c. Claims or defenses of the representative are typical of the class;

    d. The representative will fairly and adequately protect the class; and

    e. A class action is superior to other methods of adjudication.

23. Plaintiff seeks certification of the following FRCP 23 class:

> Current and former individuals, who during the applicable limitations period, performed any work for Defendants in New York as dancers ("Rule 23 Plaintiffs").

<u>Numerosity</u>

24. At all times during the applicable limitations period, Defendants have employed, in total, at least forty employees who are putative members of this class.

<u>Common Questions of Law and/or Fact</u>

25. There are questions of law and fact common to each and every Rule 23 Plaintiff that predominate over any questions solely affecting individual members of the FRCP 23 class, including, but not limited to, the following: (1) the duties that Defendants required and require each Rule 23 Plaintiff to perform; (2) the manner of compensating, or not compensating, each Rule 23 Plaintiff; (3) whether Defendants compensated and compensate the Rule 23 Plaintiffs at least at the legally-required minimum wage rate of pay for all hours worked in a week; (4) whether Defendants furnished the Rule 23 Plaintiffs with an accurate wage notice at the time of hire containing the information required by NYLL § 195(1); (5) whether Defendants furnished and furnish the Rule 23 Plaintiffs with a wage statement on each payday that accurately containins the information required by NYLL § 195(3); (6) whether Defendants took and take unlawful deductions from Rule 23 Plaintiffs' wages by way of separate transactions by requiring them to pay Defendants for shifts (or missed shifts) of work; (7) whether Defendants failed to provide Rule 23 Plaintiffs with proper notice of their intention to claim a tip credit against their wages; (8) whether Defendants took and take a portion from Rule 23 Plaintiffs' gratuities and

converted that money for their own use; (9) whether Defendants kept and maintained accurate records of hours worked by the Rule 23 Plaintiffs; (10) whether Defendants kept and maintained records with respect to any compensation, including tips, that they may have paid to the Rule 23 Plaintiffs for each hour worked or that they required the Rule 23 Plaintiffs to pay to them; (11) whether Defendants have any affirmative defenses to any of the Rule 23 Plaintiffs' claims; (12) whether Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL, its supporting regulations, and/or New York common law; and (13) if so, what constitutes the proper measure of damages.

Typicality of Claims and/or Defenses

26.   As described in the "Background Facts" section below, Defendants employ and/or employed Plaintiff and Rule 23 Plaintiffs in New York within the meaning of the NYLL. Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom she seeks to represent, as the Rule 23 Plaintiffs work and/or have worked for Defendants as dancers in New York and Defendants: did not pay them at least at the minimum wage rate for all hours worked; did not provide them with an accurate wage notice at the time of hire; did not provide them with an accurate wage statement on each payday; took unlawful deductions from their pay by way of separate transaction; unlawfully retained a portion of their gratuities; and/or failed to provide them with proper notice of their intention to claim a tip credit against their wages.  Plaintiff and the Rule 23 Plaintiffs enjoy the same rights under the NYLL and/or common law to: receive at least the minimum wage rate for all hours worked; receive an accurate wage notice at the time of hire; receive accurate wage statement on each payday; not have unlawful deductions taken from them by way of separate transaction; not have a percentage of their gratuities taken from them. Plaintiff and the Rule 23 Plaintiffs have all sustained similar types of damages as a result of

Defendants' failure to comply with the NYLL, its supporting regulations, and/or New York common law.  Plaintiff and the Rule 23 Plaintiffs all have suffered injury, including lack of compensation or under compensation, due to Defendants' common policies, practices, and patterns of conduct.  Thus, Plaintiff's claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and/or Defendants' defenses to those claims.

<u>Adequacy</u>

27. Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout her employment with Defendants.  Defendants did not pay Plaintiff at least at the statutory minimum wage rate for all hours worked, did not furnish Plaintiff with an accurate wage statement on each payday, did not furnish Plaintiff with an accurate wage notice at the time of hire, and regularly made unlawful deductions from Plaintiff's wages by way of separate transaction, and regularly took a percentage of Plaintiff's gratuities and converted those funds for their own use, which is substantially similar to how Defendants paid and treated the Rule 23 Plaintiffs.  Plaintiff fully anticipates providing discovery responses and testifying under oath as to all of the matters raised in this Complaint and that may be raised in Defendants' Answer that pertain to her.  Thus, Plaintiff would properly and adequately represent the current and former employees whom Defendants have subjected to the treatment alleged herein.

28. Additionally, Plaintiff's counsel has substantial experience in this field of law.

<u>Superiority</u>

29. Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class.  Indeed, at all relevant times herein, Defendants treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

30. Any lawsuit brought by any current or former dancer of Defendants in New York would be identical to a suit brought by any other similar employee for the same violations as alleged herein. Thus, separate litigation would risk inconsistent results.

31. Accordingly, this means of protecting the Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

## BACKGROUND FACTS

32. Defendants AAM and Murrey are separate corporate entities that together operate two strip clubs in Manhattan, both of which do business and are known to the public as Flashdancers Gentleman's Club, one of which is located at 320 West 45th Street, and the other at 59 Murrey Street. The two entities have common ownership and management and intermingle employees across both locations.

33. To that end, owners Lipsitz and Junior are jointly responsible for making all significant personnel-related decisions on behalf of both entities, in that they have, and they do, exercise the power to hire and fire all employees, supervise and control employee work schedules and the locations at which employees work, determine the rate and method of wages and tips paid (or not paid) to all employees, and to maintain employment records, including all of those matters with respect to Plaintiff. In fulfilling those roles, Junior personally hired Plaintiff, and Lipsitz and Junior both supervised and controlled Plaintiff's work, maintained employment records, and determined the percentage of Plaintiff's earned tips that she would keep.

34. Defendants employed to work for them as a dancer from in or around September 2019 until in or around the end of July 2021. In this role, as her title suggests, Plaintiff's primary duties consisted of dancing at the strip clubs, either on stage, in private rooms, or in champagne rooms for the clubs' customers. As part of her employment, Defendants Lipsitz and Junior, on

Defendants' behalf, along with all other dancers who worked at the strip clubs, set Plaintiff's hours, managed her schedule, including which location she was to work at on a given day, determined her pay, chose Plaintiff's outfits, directed her actions while on stage, and determined all other conditions and terms of employment.

35. Throughout her employment, Defendants required Plaintiff to work, and Plaintiff did generally work, four days per week, on a rotating schedule. More specifically, Defendants required Plaintiff to work a schedule that consisted of pairing either a Saturday or a Sunday with three weekdays. Though the days of the week that Plaintiff worked changed from week to week, throughout Plaintiff's employment, Plaintiff largely worked shifts from 5:00 p.m. to 12:00 a.m., without any scheduled or uninterrupted breaks during her shifts. On rare occasions, Plaintiff worked the 12:00 p.m. to 7:00 p.m. shift or the 9:00 p.m. to 4:00 a.m. shift. Thus, throughout her employment, Defendants required Plaintiff to work, and Plaintiff did work, twenty-eight hours per week.

36. For her work, throughout the entirety of Plaintiff's employment, Defendants failed to pay Plaintiff any wages at all for any hours that she worked in a week.

37. Defendants further failed to provide Plaintiff with any wage notice at the time of her hire, let alone one that accurately contained, *inter alia*, Plaintiff's regular rates of pay as designated by the employer, or critically, whether Defendants intended to claim a tip credit against her wages.

38. While Defendants paid Plaintiff a portion of her earned gratuities on a daily basis, as explained in more detail below, on each occasion when Defendants paid Plaintiff, they failed to provide Plaintiff with any wage statement, let alone one that accurately listed, *inter alia*, her

total hours worked that week, her regular rates of pay for every hour that she worked, and any deductions taken from her pay.

39. For every 5:00 p.m. to 12:00 a.m. shift that Plaintiff worked, or that she was scheduled to work and had to miss for a personal or health reason, Defendants required Plaintiff to pay to them a $60.00 "house fee.". For the rare occasions Plaintiff worked a shift starting on or after 9:00 p.m. or missed a shift that she was scheduled to work on or after that time, the "house fee" that Defendants required Plaintiff to pay to them was $200.00.

40. For every shift that Plaintiff worked, Defendants also took a percentage - - approximately two percent - - from Plaintiff's earned tips that customers left for Plaintiffs on credit cards and/or using "funny money," as described above, and kept that money for their own use.

41. By way of example only, for the week of July 4 through July 10, 2021, Defendants required Plaintiff to work, and Plaintiff did work, the following schedule, without a scheduled or uninterrupted break during her shifts:

>Sunday, July 4, 2021: 5:00 p.m. until 12:00 a.m.;
>
>Monday, July 5, 2021: 5:00 p.m. until 12:00 a.m.;
>
>Tuesday, July 6, 2021: 5:00 p.m. until 12:00 a.m.;
>
>Wednesday, July 7, 2021: off;
>
>Thursday, July 8, 2021: 5:00 p.m. until 12:00 a.m.;
>
>Friday, July 9, 2021: off; and
>
>Saturday, July 10, 2021: off.

Accordingly, Plaintiff worked a total of twenty-eight hours during this week. In exchange for her work, Defendants: failed to pay Plaintiff at any rate of pay for any hours that she worked;

failed to provide Plaintiff with a wage statement when paying her a portion of her tips; retained a percentage of the tips that customers had left for Plaintiff by credit card or with funny money and required Plaintiff to pay to them a $60.00 house for each of her four shifts.

42. Defendants treated Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs in the same manner described herein.

43. Defendants acted in the manner described herein to maximize their profits and minimize their labor costs and overhead.

44. Each hour that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs worked was for Defendants' benefit.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Minimum Wages Under the FLSA*

45. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

46. 29 U.S.C. § 206(a) prescribes a minimum wage that employers must pay to their employees for each hour worked.

47. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

48. As also described above, Defendants failed to compensate Plaintiff and FLSA Plaintiffs at least at the minimum hourly rate that the FLSA requires for all hours worked.

49. Defendants willfully violated the FLSA.

50. At the least, Plaintiff and FLSA Plaintiffs are entitled to the minimum rate of pay that the FLSA requires for all hours worked.

51. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's minimum wage provisions.

**SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Minimum Wages Under the NYLL and the NYCRR*

52. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

53. NYLL § 652 and 12 NYCRR § 146-1.2 prescribe a minimum wage that employers must pay to their employees for each hour worked.

54. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL and the NYCRR.

55. As also described above, Defendants failed to compensate Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, at least at the minimum hourly rate that the NYLL and the NYCRR require for all hours worked.

56. At the least, Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are entitled to the minimum rate of pay that the NYLL and the NYCRR require for all hours worked.

57. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's minimum wage provisions.

**THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Accurate Wage Notice in Violation of the NYLL*

58. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

59. NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire that contains accurate, specifically enumerated criteria.

60. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL.

61. As also described above, Defendants, at the time of hire, failed to provide Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, with any wage notice, let alone one that accurately contained all of the criteria that the NYLL requires.

62. Pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, in the amount of $50.00 for each workday after the violation occurred, up to a statutory cap of $5,000.00 per person.

**FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Accurate Wage Statements in Violation of the NYLL*

63. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

64. NYLL § 195(3) requires that employers furnish employees with a wage statement on each payday that contains accurate, specifically enumerated criteria.

65. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL.

66. As also described above, Defendants, on each payday, failed to furnish Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, with any wage statement, let alone one that accurately contained all of the criteria that the NYLL requires.

15

67. Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, in the amount of $250.00 for each workday that the violation occurred, up to a statutory cap of $5,000.00 per person.

### FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unlawful Deductions in Violation of the NYLL*

68. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

69. NYLL § 193(2) prohibits employers from making any deduction from an employee's wages by separate transaction.

70. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL.

71. As also described above, Defendants made unlawful deductions from the wages of Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action by separate transaction.

72. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are entitled to recover from Defendants the amount of each unlawful deduction.

73. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's unlawful deduction provisions.

## SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unlawful Retention of Gratuities in Violation of the NYLL*

74. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

75. NYLL § 196-d prohibits employers from demanding, accepting, or retaining, directly or indirectly, any part of an employee's gratuity or any charge purported to be a gratuity.

76. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL.

77. As also described above, Defendants unlawfully retained a percentage of the gratuities that their customers left for Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action.

78. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are entitled to recover from Defendants the amount of all retained gratuities.

79. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's prohibition on the unlawful retention of gratuities.

## SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Conversion*

80. Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

81. As described above, Defendants intentionally converted the earned tips of Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who opts-in to this action, for their own use.

82. Defendants are liable to Plaintiff, Rule 23 Plaintiffs, and any FLSA Plaintiff who optsin to this action, in the amount of all money that they converted for their own use, as well as for punitive damages and interest.

## DEMAND FOR A JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs for participation in any form in this litigation;

d. Designation of this action as an FLSA collective action on behalf of Plaintiff andFLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA

claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

  e. Certification of the claims brought in this case under the NYLL, the NYCRR, and New York common law as a class action pursuant to FRCP 23;

  f. All damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff, Rule 23 Plaintiffs, and FLSA Plaintiffs would have received but for Defendants' unlawful payment practices and/or unlawful conversion;

  g. Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

  h. Punitive damages as permitted by law;

  i. Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

  j. Designation of Plaintiff and her counsel as collective and class action representatives under the FLSA and the FRCP;

k.  Pre-judgment and post-judgment interest, as provided by law; and

l.  Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: Garden City, New York
April 14, 2022

Respectfully submitted,

BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiff*
910 Franklin Avenue, Suite 200
Garden City, New York 11530
Tel. (516) 248-5550
Fax. (516) 248-6027

By: _____
DANIELLE PETRETTA (5566328)
ALEXANDER T. COLEMAN (AC 1717)
MICHAEL J. BORRELLI (MB 8533)